NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HANESBRANDS INC., | |
| Plaintiff, | Civil Action No. 18-17499 (SRC) |
| v. | |
| SCS EXPRESS LLC, | OPINION |
| Defendant. | |

**CHESLER, U.S.D.J.**

This matter comes before this Court on the motion for entry of default judgment, pursuant to Federal Rule of Civil Procedure 55(b), by Plaintiff Hanesbrands Inc. Plaintiff filed the Complaint on December 21, 2018, asserting one count of violation of the Carmack Amendment arising from the loss of a clothing shipment valued at $104,791.90. The record indicates that Defendant was served on January 3, 2019 and has not appeared in the action, and default against Defendant SCS Express LLC ("SCS") was entered on March 30, 2019. Plaintiff now moves for entry of default judgment.

Fed.R.Civ.P. 55(b)(2) authorizes the entry of a default judgment against a party that has defaulted. In the Third Circuit, "the entry of a default judgment is left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). Before it enters default judgment, the district court must find that the Complaint's factual allegations "constitute a legitimate cause of action." Chanel, Inc. v. Gordashevsky, 558 F.

1

Supp. 2d 532, 536 (D.N.J. 2008). The court accepts as true the complaint's factual assertions, except those pertaining to damages, which the movant must instead prove. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

The Complaint alleges that, on December 19, 2017, Plaintiff released to SCS, a shipper, a shipment of clothing, which SCS subsequently reported stolen. Plaintiff seeks damages for the loss. The Court finds that these factual allegations, now taken as true, constitute a legitimate cause of action. Plaintiff has submitted a bill of lading and two invoices that establish the value of the cargo, one for $55,624.80 and the other for $41,718.60, a total of $97,343.40. The declaration submitted in lieu of a brief seeks additional damages for "justified incidental expenses" and prejudgment interest. Plaintiff has offered no basis for an award of damages for incidental expenses and, as to those damages, the motion for entry of default judgment will be denied.

Under New Jersey law, "the award of prejudgment interest on contract and equitable claims is based on equitable principles. . . . The allowance of prejudgment interest is a matter of discretion for the trial court." Cty. of Essex v. First Union Nat. Bank, 186 N.J. 46, 61 (2006). Plaintiff asks for an award of $1,871.91 for prejudgment interest running from the date the Complaint was filed, which will be granted.

Plaintiff's motion for entry of default judgment is granted in part and denied in part. As to the motion for an award of incidental expenses, the motion is denied. As to the motion for an award of compensatory damages and prejudgment interest, the motion is granted, and the Court

awards damages in the amount of $99,215.31.

                                                              s/Stanley R. Chesler
                                           STANLEY R. CHESLER, U.S.D.J.